### CHAMBERS *vs.* WAMBOUGH.

1. Where an action of trespass is brought before a justice of the peace, and on the defendant pleading title and giving bond a new action is brought in this court, if the plaintiff enlarge his claim in his suit here, it discharges the obligation of the defendant to plead title, and the suit stands as if no bond had been given.

2. To a declaration, which was general, the defendant pleaded *li-erum tenementum*, the plaintiff new assigned, describing the close as Chambers lane in both counts of the declaration; to one count of the new assignment

Chambers *v.* Wambough.

no new plea was filed, and to the other the defendant pleaded a public and common highway; a verdict was rendered for plaintiff for $4 damages: *held*, that the plea of public highway was not a plea of title to lands, and that no title was in question on the trial, by the pleadings the title being admitted in the plaintiff; *held also*, that the plaintiff could not recover costs.

In matter of costs.

Argued before Justices OGDEN, WHELPLEY, and VRE-DENBURGH.

*Kingman*, for plaintiff.

*Grandin*, for defendant.

The opinion of the court was delivered by

WHELPLEY, J. This was an action of trespass, begun before a justice of the peace, title pleaded, and a new suit brought in this court, in pursuance of the statute. The plaintiff enlarged his claim here, suing for $100, instead of $50, as in the court below.

This discharged the obligation to plead title. *Snedeker* v. *White*, 6 *Halst.* 87; *Tindal* v. *Tindal, Spencer* 146.

To the declaration in this court, which was general, the defendant pleaded *liberum tenementum*, although under no obligation to do so, as the suit stood in the same position as if no bond had been given. The plaintiff new assigned and described the close as Chambers' lane in both of the two counts of his declaration. As to one count of the novel assignment there was no new plea, as to the other the plea was a public and common highway. The latter plea is not one of title to lands; it is of a public, not a private right. *Randolph* v. *Montfort*, 1 *Harrison* 226; *Osborne* v. *Butcher*, 2 *Dutcher* 308; *Perrine* v. *Farr*, 2 *Zab.* 356; *Winter* v. *Peterson*, 4 *Zab.* 524.

At the circuit, the issue of public highway was tried, and found for the plaintiff, and his damages assessed on the other undefended count.

It must be borne in mind that at the trial no title came in question, the case stood precisely as if it had been commenced in this court. As the plea of title was abandoned on the new assignment, it is as if it had never been put in. The plaintiff could not recover costs without a certificate that the title actually came in question. *Nix. Dig.* 275, § 14.

No certificate was endorsed on the back of the record that the freehold inheritance of lands came in question upon the trial, and the plaintiff did not recover $100. The title did not appear to have been in question upon the trial, either by the issues joined upon the pleadings or by the certificate of the judge, indeed, on the pleadings the plaintiff's title to the land stood admitted.

I am of opinion that the plaintiff is not entitled to costs upon the verdict.

CITED *in Brain v. Snyder,* 1 *Vr.* 57.